**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**MICHAEL ASAMOAH,**

        **Plaintiff,**

    **v.**                        **Civil Action 2:20-cv-5376**
                                    **Chief Judge Algenon L. Marbley**
                                    **Magistrate Judge Jolson**

**TIGERPOLY MANUFACTURING, INC.,**

        **Defendant.**

### <u>REPORT AND RECOMENDATION</u>

This matter is before the Undersigned on Plaintiff's Motion for Leave to proceed *in forma pauperis*. (Doc. 1). Following his initial request to *proceed in forma pauperis*, the Court ordered Plaintiff to submit a supplemental memorandum supporting his request. (Doc. 2). Specifically, the Court noted that, over the past year, Plaintiff has filed four actions in this Court and recently paid the filing fee in two actions. (*Id.*). So the Court ordered Plaintiff to explain "how his financial condition has changed" since those actions "and why it prevents him from paying the filing fee now." (*Id.*). And it set forth specific instructions on how to make this showing. (*Id.*).

But Plaintiff's Supplemental Memorandum (Doc. 3) was of little help. Contrary to the Court's directive, Plaintiff failed to provide his recent income, indicate the value of his home or other mortgaged property, or explain how his financial situation has changed in the recent months. (*See id.*). The Court gave Plaintiff another chance. (Doc. 4). Again, it ordered him to provide the Court with information regarding: his income from October 14, 2019, through December 31, 2019; the property to which Plaintiff's $1,300 mortgage payment applies, (*see* Doc. 1 at 3), and the underlying value of that property; as well as an explanation of why he could pay the filing fee in his three cases since his unemployment, but cannot pay it here.

Plaintiff's third attempt fares no better. Plaintiff represents: he does not have the money to pay the filing fee; he does not own a home; and he has not been employed since December 31, 2019. (Doc. 6 at 1). For support, he relies on an affidavit of poverty, (Doc. 6 at 3), as well as several earning statements, (*id*. at 4–9). While Plaintiff's earning statements show his income from October 14, 2019, through December 31, 2019, the Court's other questions (*see* Docs. 2, 4) remain unanswered. For instance, Plaintiff fails to identify the property to which the $1,300 mortgage payment applies, (*see* Doc. 1 at 3), or the underlying value of that property. Nor does he explain why he cannot pay the filing fee now, when he could in three cases following his unemployment.

To proceed *in forma pauperis*, Plaintiff must submit records reflecting that he cannot pay the Court's filing fee without depriving himself and his dependents the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Although Plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must pose more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render Plaintiff unable to provide for himself and his dependents, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

The Court cannot make this finding here. Based on the information Plaintiff has provided thus far, it is unclear whether paying the one-time filing fee of $400.00 would impose an undue hardship upon him. As explained, he has repeatedly failed to comply with the Court's directions to supplement the record. And on the record before it, the Court has no basis to conclude that paying the filing fee in this case would cause Plaintiff to deprive himself the necessities of life.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:   11/19/2020                                              /s/ Kimberly A. Jolson_____
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE