IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL ASAMOAH,**

    **Plaintiff,**

v.

**TIGERPOLY MANUFACTURING, INC.,**

    **Defendant.**

Case No. 2:20-cv-5376

Chief Judge Algenon L. Marbley

Magistrate Judge Jolson

## OPINION & ORDER

This matter is before the Court on Plaintiff Michael Asamoah's Objection (ECF No. 8) to Magistrate Judge Jolson's November 19, 2020 Report and Recommendation (ECF No. 7). Magistrate Judge Jolson recommended that the Court deny Mr. Asamoah's motion to proceed *in forma pauperis*. (ECF No. 1). Upon independent review by the Court, and for the reasons set forth below, the Court **AFFIRMS** the Magistrate's Report and Recommendation and **DENIES** Mr. Asamoah's motion for leave to proceed *in forma pauperis*.

Also before the Court is Mr. Asamoah's Motion for the Clerk of Court to Redact Personal Information. (ECF No. 5). In this motion, Mr. Asamoah requests "that the Clerk redact some personal information on an exhibit to Plaintiff's Complaint . . . Plaintiff is [] requesting that the court kindly redact the personal information on the exhibits." (*Id.*). Mr. Asamoah does not otherwise specify the information he wishes to redact. As the Court cannot determine the subject of the proposed redaction, the Court **DENIES WITHOUT PREJUDICE** the motion to redact.

## II. BACKGROUND

Mr. Asamoah asserts employment discrimination claims against Tigerpoly and has moved to proceed *in forma pauperis* (ECF No. 1). Magistrate Judge Jolson recommended that the Court deny Mr. Asamoah's motion because he has not indicated the value of his mortgaged property or explained how his financial situation has changed in the recent months.

After Mr. Asamoah filed his original motion, Magistrate Judge Jolson ordered him to file a supplemental memorandum in support of his motion to provide the Court with additional information. (ECF No. 2). Mr. Asamoah submitted a supplement on October 28, 2020 (ECF No. 3), but he failed to provide the requested information. The Magistrate Judge again asked him to: (1) provide his income from October 14, 2019 through December 31, 2019; (2) disclose the value of the property to which his $1,300 mortgage payment applies; and (3) explain why he could pay the filing fee in the three other cases he has filed since his unemployment, but is unable to pay here. (ECF No. 4).

Mr. Asamoah submitted a second supplement on November 16, 2020. (ECF No. 6). In his second supplement, Mr. Asamoah provided earning statements that showed his income from October 14, 2019 through December 31, 2019. He did not, however, provide clarifying information about the value of his mortgaged property, nor did he explain why he could pay the filing fee in three other cases following his unemployment but cannot pay the filing fee in the case sub judice. The Magistrate Judge therefore concluded that she did not have an adequate basis for finding that Mr. Asamoah was unable to pay the filing fee here.

In his Objection to the Magistrate Judge's Report and Recommendation, Mr. Asamoah argues that he has submitted sufficient information for the Court to find that paying the filing fee will deprive him and his four dependents of the necessities of life. (ECF No. 8). Specifically, he

says that his income verification and his poverty affidavit demonstrate that his income is below the poverty level. (*Id.*). Mr. Asamoah does not address any change in his circumstances in his Objection to explain why he was previously able to pay the filing fees but cannot do so now.

### III. LAW & ANALYSIS

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b) (1). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

Federal Rule of Civil Procedure 72(a) provides for the Court's reconsideration of a Magistrate Judge's orders on nondispositive matters. Rule 72(a) provides that, in considering objections to such orders, the Court shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it 'is left with the definite and firm conviction that a mistake has been committed.' In the absence of clear error, the magistrate's order must stand." *Farley v. Farley,* 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (internal citations omitted).

To proceed *in forma pauperis*, a plaintiff must submit records that demonstrate he is unable to pay the Court's filing fee without depriving himself and his dependents of the "necessities of life." *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotations omitted). Paying the filing fee must pose more than a mere hardship. *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) ("Although pauper status does not require absolute destitution, the question is whether the court costs can be paid without undue

hardship."). Accordingly, unless the one-time payment of the filing fee will clearly render the plaintiff unable to provide for himself or his dependents, the Court cannot grant *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

The Court has made a *de novo* review of the record in this case. Based on the reasoning and citations of authority set for in the Magistrate Judge's Report and Recommendation (ECF No. 7) and Mr. Asamoah's Objection (ECF No. 8), as well as a thorough review of applicable law, this Court adopts the Report and Recommendation on Mr. Asamoah's motion to proceed *in forma pauperis* in its entirety.

### IV. CONCLUSION

For the reasons articulated above, the Court **AFFIRMS** the Magistrate Judge's Report and Recommendation and **DENIES** Mr. Asamoah's motion for leave to proceed *in forma pauperis* [#1]. Additionally, Court **DENIES WITHOUT PREJUDICE** Mr. Asamoah's motion to redact [#5].

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: May 17, 2021**