IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL ASAMOAH,

      **Plaintiff,**

  v.                                     Civil Action 2:20-cv-5376
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

TIGERPOLY MANUFACTURING, INC.,

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the May 17, 2021, Order requiring Plaintiff pay the full filing fee. (Doc. 10). For the reasons that follow, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

**I.    BACKGROUND**

Plaintiff filed his Complaint on October 14, 2020, along with a Motion for Leave to Proceed *in forma pauperis*. (Docs. 1, 1-1). In reviewing that Motion, the Court noted that, over the past year, Plaintiff had filed four actions in this Court and recently paid the filing fee in two. (Doc. 2 at 1). So the Court ordered him to file a supplemental memorandum explaining "how his financial condition has changed" since those actions "and why it prevents him from paying the filing fee now." (*Id.*).

Plaintiff's Supplemental Memorandum (Doc. 3) was of little help. Contrary to the Court's directive, he failed to provide his recent income, indicate the value of his home or other mortgaged property, or explain how his financial situation has changed in the recent months. (*See id.*). The Court gave Plaintiff another chance. (*See* Doc. 4). But Plaintiff again failed to properly supplement his Motion and explain why he could not pay the filing fee in the instant action. (*See*

Doc. 6). Accordingly, on November 19, 2020, the Undersigned recommended Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be denied. (*See* Doc. 7). That recommendation was adopted on May 17, 2021. (*See* Doc. 9). Specifically, the Court affirmed the Undersigned determination that Plaintiff had not sufficiently shown he is entitled to *in forma pauperis* status. (*Id*. at 4). That same day, the Undersigned ordered Plaintiff to pay the full filing fee by May 31, 2021, or risk having his case dismissed for want of prosecution. (*See* Doc. 10). As of the date of this Report and Recommendation, Plaintiff has not paid the filing fee.

**II.    STANDARD**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly

dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

## III. DISCUSSION

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded multiple opportunities to correct the deficiencies in his request to proceed *in forma pauperis* (*see* Docs. 2, 4), Plaintiff failed to do so. (*See* Docs. 7, 9). Furthermore, Plaintiff ignored the Court's order to pay the full filing fee by May 31, 2021. (*See* Doc. 10). This record of contumacious conduct, clearly indicates Plaintiff has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

While no Defendant has been served—so there is little risk of prejudice—the remaining factors weigh in favor of dismissal. The Court warned Plaintiff that failure to pay the filing fee would result in a recommendation that his case be dismissed for want of prosecution. (Doc. 10). Furthermore, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's continued failure to participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket, the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

3

### IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED** for failure to prosecute pursuant to Rule 41.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: September 14, 2021  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE