**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL ASAMOAH,** | : | |
| | : | **Case No. 2:20-cv-5376** |
| **Plaintiff,** | : | |
| | : | **Chief Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Jolson** |
| **TIGERPOLY MANUFACTURING, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order (ECF No. 11); Magistrate Judge Jolson's Report and Recommendation (ECF No. 12); and Plaintiff's Motion for Default Judgment (ECF No. 14). This Court **DENIES** Plaintiff's Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order (ECF No. 11); **ADOPTS** the Magistrate Judge's Report and Recommendation to Dismiss Plaintiff's Complaint (ECF No. 12); and **DENIES AS MOOT** Plaintiff's Motion for Default Judgment (ECF No. 14) for the reasons set forth more fully below.

## I.    BACKGROUND

On October 14, 2020, Mr. Asamoah, proceeding *pro se*, filed a Motion for Leave to Proceed *in forma pauperis* attaching his Complaint, Civil Cover Sheet, Summons, and USM-285 form. (ECF No. 1).   In his Complaint, Mr. Asamoah asserts various theories of employment discrimination claims against Tigerpoly Manufacturing Inc. (*Id.*).   On October 15, 2020, Magistrate Judge Jolson Ordered Plaintiff to submit a supplemental memorandum in support of his Motion to Proceed *in forma pauperis*, providing additional information.   (ECF No. 2). Specifically, Magistrate Judge Jolson Ordered Plaintiff to resolve an apparent inconsistency: Mr.

1

Asamoah was able to afford the filing fee as recent as June 30, 2020, but just over three months later he was seeking relief from this requirement. (*Id.*).

On October 28, 2020, Plaintiff filed his Supplemental Memorandum. (ECF No. 3). This filing, however, did not provide the information Magistrate Judge Jolson Ordered Plaintiff to disclose. (*See id.*). Accordingly, on November 6, 2020, Magistrate Judge Jolson offered Plaintiff a second opportunity to supplement his filing. (ECF No. 4). This time Magistrate Judge Jolson ordered Plaintiff to provide the following information: (1) his income from October 14, 2019 through December 31, 2019; (2) the value of the property to which his $1,300 mortgage payment applies; and (3) explain why he now cannot afford this Court's filing fee yet paid the same fee in three other cases he has filed since his unemployment. (*Id.*).

On November 16, 2020, Plaintiff submitted his second Supplemental Memorandum (ECF No. 6). Although Plaintiff provided the required income information, he failed to disclose the value of his property and clarify specifically his inability to pay the filing fee on this occasion.

Magistrate Judge Jolson issued her Report and Recommendation advising that Plaintiff's Motion for Leave to Proceed in forma pauperis be DENIED. (ECF No. 7). Over Plaintiff's Objection (ECF No. 8), this Court Adopted the Magistrate Judge's Recommendation on May 17, 2021. (ECF No. 9). That same day, the Magistrate Judge Ordered Plaintiff to pay the full filing fee on or before May 31, 2021. (ECF No. 10).

Instead of paying the fee as ordered, Plaintiff filed a Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order. (ECF No. 11). On September 14, 2021, Magistrate Judge Jolson issued another Report and Recommendation. (ECF No. 12). There, noting that Plaintiff had not paid the filing fee by the court-ordered date, recommended Dismissal for failure to prosecute pursuant to Rule 41. (*Id.*). Rather than respond to the Magistrate Judge's ruling, Plaintiff

2

filed an Application to the Clerk for Entry of Default against Defendant (ECF No. 13) and a Motion for Default Judgment (ECF No. 14).

Plaintiff's Motions (ECF Nos. 11, 14) are ripe for adjudication. Moreover, because the time has since lapsed for filing objections, the Magistrate Judge's Report and Recommendation is also ripe for adjudication (ECF No. 12). This Court will consider the matters in the order they were filed.

## II. LAW & ANALYSIS

### A. Motion to Reconsider

On May 27, 2021, Plaintiff filed his Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order. (ECF No. 11). The May 17, 2021, Opinion and Order (ECF No. 9), that Plaintiff seeks to set aside Affirmed the Magistrate Judge's November 19, 2020, Report and Recommendation (ECF No. 7). (*Id.*). There, this Court, upon independent review, Affirmed Magistrate Judge Jolson's recommendation to deny Plaintiff's Motion for Leave to proceed *in forma pauperis*. (ECF No. 9).

Although Plaintiff styles his motion as a request to set aside this Court's May 17th Opinion and Order, he is substantively requesting this Court to reconsider its Order Affirming the Report and Recommendation of the Magistrate Judge. As such, this Court construes his request as a Motion for Reconsideration. *See Martin v. Ohio*, No. 2:18-CV-1147, 2019 WL 6051113, at *1 (S.D. Ohio Nov. 15, 2019) (Court construing *pro se* plaintiff's objection to the District Court's "Order Adopting the Magistrate's Report and Recommendation" as a motion for reconsideration). With respect to the substance of the motion, Plaintiff asserts that the consequence of this Court's ruling—him paying the court filing fee—would be "harsh, unfair and unjust" as it would "deprive Plaintiff and his dependents the necessities of life." (ECF No. 11 at 1). Plaintiff also declares that

3

he has submitted all necessary documents to proceed *in forma pauperis*. (*Id.* at 1). This Court analyzes his request under the appropriate standard for a Motion to Reconsider.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Doyle v. Pollit*, No. 2:08-CV-761, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Regardless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Id.* Motions for reconsideration serve a limited function and are justified only when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* Motions for reconsideration are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Id.* at *1 (citing *J.P. v. Taft*, No. C2-04-692, 2006 WL 689091, at *13 (S.D. Ohio Mar. 15, 2006)). Relief is granted if the previous order presents a clearly erroneous legal or factual issue. *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-CV-0745, 2009 WL 5066912, at *1 (S.D. Ohio Dec. 22, 2009). Moreover, special considerations are present when a *pro se* litigant seeks such relief.

Generally, the pleadings of *pro se* litigants are held to less stringent standards than pleadings drafted by lawyers. *Ruhl v. Brown*, No. 2:13-CV-00716, 2015 WL 5117951, at *2 (S.D. Ohio Sept. 1, 2015). This is because the Sixth Circuit determined that the "rights of pro se litigants require careful protection where highly technical requirements are involved, especially when enforcing those requirements might result in a loss of the opportunity to prosecute or defend a lawsuit on the merits." *Brown v. Matauszak*, 415 F. App'x 608, 616 (6th Cir. 2011) (citing *Garaux v. Pulley*, 739 F.2d 437, 439 (9th Cir. 1984)). A plaintiff's status as a *pro se* litigant, however,

"does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District." *Despot v. Am. Income Life Ins. Co.*, No. 1:10-CV-932, 2012 WL 787387, at \*1 (S.D. Ohio Mar. 9, 2012) (citing *McNeil v. U.S.*, 508 U.S. 106, 113, (1993); *Gallant v. Holdren*, No. 1:15-CV-00383, 2018 WL 919875, at \*2 (S.D. Ohio Feb. 15, 2018), *report and recommendation adopted*, No. 1:16-CV-383, 2018 WL 1535912 (S.D. Ohio Mar. 29, 2018).

As previously noted, Mr. Asamoah seeks reconsideration of this Court's Order Affirming the Magistrate Judge's Report and Recommendation denying his Motion to Proceed *in forma pauperis*. (ECF No. 11). Importantly, however, Mr. Asamoah's Motion to Reconsider cites no intervening change of controlling law nor adduces new evidence that this Court has not already considered. (*See id.*). Accordingly, to grant Plaintiff such relief, he would need to demonstrate that setting aside this Court's May 17, 2021, Order is necessary to "correct a clear error or prevent manifest justice." Simply put: Plaintiff also fails to overcome this hurdle.

To support his apparent argument that the Court must alter its order to "correct a clear error or prevent manifest injustice," Plaintiff begins by asserting that he filed all the necessary documents to proceed *in forma pauperis*. (*Id.*). And while it is true that Plaintiff did file an Application/Motion to Proceed Without Prepayment of Fees and an Affidavit in Support Thereof (*See* ECF No. 1), Plaintiff omits the Court's additional requirement here that he supplement his initial application. (ECF No. 2). The additional requirement was ordered because, in light of his history of court actions in the Southern District of Ohio—where Plaintiff recently paid filing fees, this Court needed additional information to consider his request. As such, the Magistrate Judge ordered Plaintiff to file a supplemental memorandum explaining the change in his financial condition that prevents him from paying the filing fee in this action. (*Id.*). When Plaintiff's supplemental memoranda similarly failed to provide the court-ordered information (*See* ECF Nos.

3, 6), this Court found that Plaintiff failed to explain adequately why he could no longer afford to pay the required filing fee. (ECF No. 7). Accordingly, Plaintiff has failed to identify any clear error.

Further, despite Mr. Asamoah's conclusory characterization of this Court's requirement that he pay the filing fee as "harsh, unfair and unjust," (ECF No. 11), it is he who has repeatedly failed to cooperate with the Court. Moreover, his incantation of the standard articulated by the Magistrate Judge concerning *in forma pauperis*—that "Plaintiff must submit records reflecting that he cannot pay the Court's filing fee without depriving himself and his dependents the 'necessities of life,'" does little to disturb this result. *Asamoah v. Tigerpoly Mfg., Inc.*, No. 2:20-CV-5376, 2020 WL 8642102, at *1 (S.D. Ohio Nov. 19, 2020), *report and recommendation adopted*, No. 2:20-CV-5376, 2021 WL 1960464 (S.D. Ohio May 17, 2021). Accordingly, Plaintiff has failed to demonstrate manifest injustice.

This Court, finding neither clear error nor manifest injustice resulting from this Court's denial of Plaintiff's Motion for Leave to proceed *in forma pauperis*, **DENIES** Plaintiff's Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order (ECF No. 11).

### B. Report & Recommendation

The Magistrate Judge filed her Report and Recommendation September 14, 2021 recommending that the case be dismissed for want of prosecution. (ECF No. 12). Moreover, the Report and Recommendation notified the parties of their right to object within fourteen days and that a failure to file such timely objections would result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*. (*Id.* at 4).

This Court has reviewed the Report and Recommendation. Noting that no objections have been filed and that the time for filing such objection lapsed, this Court **ADOPTS** the Magistrate

Judge's Report and Recommendation (*Id.*) and **DISMISSES** this case for want of prosecution pursuant to Federal Rule of Civil Procedure 41.

### C. Motion for Default Judgment

On October 13, 2021, Plaintiff filed his Motion for Default Judgment (ECF No. 14). When a Motion for Default Judgment is filed after a Report and Recommendation that the Complaint be dismissed, and the District Court adopts the Report and Recommendation, the Motion for Default Judgment may be denied as moot. *Burress-El v. Born,* No. 2:18-CV-98, 2018 WL 5262395, at *1 (S.D. Ohio Oct. 23, 2018) (Marbley, J.); *see also Engle v. UHaul*, 208 F. Supp. 3d 844, 847 (S.D. Ohio 2016) (adopting Report and Recommendation recommending Dismissal and denying earlier filed pending Motion for Default Judgment as moot); *Wright v. Bush*, No. 16-12644, 2017 WL 3215213, at *1 (E.D. Mich. July 28, 2017) (same).

On September 14, 2021, Magistrate Judge Jolson's Report and Recommendation issued recommending that Plaintiff's Complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. (ECF No. 12). Moreover, Plaintiff has failed to pay the filing fee in this case. As such, Defendant was never served with process. In other words, the asserted basis on which Plaintiff requests Default Judgment—that Defendant has not answered within prescribed timelines—is a function of him refusing to pay the filing fee. Yet, this Court need not consider this aspect of the case as the **ADOPTION** of the earlier filed Report and Recommendation recommending dismissal of the Complaint, (*Id.*), renders Plaintiff's Motion for Default Judgment Moot. Accordingly, Plaintiff's Motion for Default Judgment is **DENIED** as **MOOT**.

### III.   CONCLUSION

This Court **DENIES** Plaintiff's Motion to Set Aside Judge Marbley and Magistrate Judge Jolson's Order (ECF No. 11); **ADOPTS** the Magistrate Judge's Report and Recommendation to

Dismiss Plaintiff's Complaint (ECF No. 12); and **DENIES AS MOOT** Plaintiff's Motion for Default Judgment (ECF No. 14).  This case is **DISMISSED** for want of prosecution.

     **IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  March 4, 2022**